# EXHIBIT 1

Defendant's "final" list of deposition topics for Agent Scott
as sent to plaintiffs on March 21, 2016

# EXHIBIT 1

<u>List of Proposed Topics for Joseph Scott Deposition</u>

1. The existence of an IRS examination of Paulson Europe, LLP's 2008 taxable year.

2. Facts concerning Mina Gerowin Herrmann's status as a notice partner of Paulson Europe, LLP for the 2008 tax year.

3. Mina Gerowin Herrmann's participation as a notice partner, or the participation of any person on behalf of Mina Gerowin Herrmann in her role as notice partner, in the IRS's examination of Paulson Europe, LLP's 2008 taxable year, including the issuance of a Notice of Beginning of Administrative Partnership Proceeding and counsel's appearance at a closing conference.

4. Identification of the two issues (the partnership distribution and the proper application of the foreign tax credit) examined by the IRS during the IRS's audit of the Herrmanns' joint tax liability.  The term audit as used in the preceding sentence only refers to the audit of the Herrmanns' joint tax liability and does not include the audit of Paulson Europe, LLP's 2008 taxable year or the IRS' review of the Herrmanns' refund claim. [Alternatively, we are willing to stipulate that the IRS considered the partnership distribution and the proper application of the foreign tax credit during the IRS's audit of the Herrmanns].

5. Partnership items used in the calculation of the amount due contained in the Notice of Computational Adjustment.

6. Paragraphs 1, 2, 9, and 10 of the declaration filed by Mr. Scott in the litigation.

We are also willing to stipulate to the following fact:

The only 2008 schedule K-1 for Mina Gerowin Herrmann from Paulson Europe, LLP reviewed by Mr. Scott in 2011 was received from Paulson Europe, LLP in 2011.

# EXHIBIT 2

Plaintiffs' First Set of Requests for the
Production of Documents dated May 15, 2015

**EXHIBIT 2**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JEFFREY W. HERRMANN AND** | ) | |
| **MINA GEROWIN HERRMANN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 14-941 T** |
| **v.** | ) | |
| | ) | **(Judge Charles F. Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS TO
DEFENDANT UNITED STATES FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, by and through their undersigned counsel, hereby request that

Defendant produce to Plaintiffs' attorneys the documents and items described below,

which are in the possession, custody, or control of Defendant, including all Internal

Revenue Service, U.S. Treasury Department, and U.S. Department of Justice employees,

executives, agents, attorneys, and all other persons acting on behalf of Defendant.

Production shall be made as described below, within the 30-day time limit set forth by

R.C.F.C. 34(b)(2) or some other reasonable time as agreed to by counsel for the parties.

The instructions (including the relevant time period) for Plaintiffs' Requests are set forth

in Appendix A.

## **DEFINITIONS**

For the purposes of the Requests above, the following definitions apply to the following terms and phrases without regard to whether such terms and phrases are capitalized:

1.      "Document" means any record or writing as defined under Federal Rule of Evidence 1001 (a), including, but not limited to all electronic records and all drafts.

2.      A Document "concerning," or "relating to" a given subject matter means a Document or statement, whether or not ultimately used or relied on by any Person, that relates to, concerns, describes, reflects, constitutes, embodies, compromises, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to, that subject matter.

3.      The term "person" means any natural or legal person, including any corporation, partnership, limited liability company, association, or government entity.

4.      The term "IRS" means the Internal Revenue Service as well as the U.S. Department of Treasury and any of their agents, employees, representatives or any other person acting on behalf of a taxing authority of the government of the United States.

5.      The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.      The use of the singular form of any word includes the plural and vice versa.

8.      The "flawed 2008 PELLP Form K-1" means the original PELLP Form K-1 for Mina Herrmann concerning the tax year 2008.

9.      The "corrected 2008 PELLP Form K-1" means the corrected PELLP Form K-1 for Mina Herrmann concerning the tax year 2008.

## DOCUMENTS REQUESTED

1.  All documents reviewed, considered, used, or relied upon in preparation of the IRS's Notice of Computational Adjustment for the Plaintiffs' tax year 2008.

2.  All documents prepared on or before April 13, 2012 concerning or reflecting any deviation by the audit team from standard IRS procedure in preparing the Notice of Computational Adjustment.

3.  All documents relating to the original (the "flawed") 2008 PELLP Form K-1, including but not limited to information indicating when it was supplied to the IRS, who supplied it, who prepared it, and when it was prepared.

4.  All documents relating to the second (the "corrected") 2008 PELLP Form K-1, including but not limited to information indicating when it was supplied to the IRS, who supplied it, who prepared it, and when it was prepared.

5.  All documents concerning whether to revise, correct, or amend the IRS's Notice of Computational Adjustment because of the corrected 2008 PELLP Form K-1.

6.  All documents reviewed, considered, or relating to the amount of tax that the Herrmanns should owe based on the corrected 2008 PELLP Form K-1, including but not limited to computations, calculations, analyses, and workpapers.

7. All documents concerning or reflecting any criticism of the audit team's failure to correct or amend the IRS's Notice of Computational Adjustment because of the corrected 2008 PELLP Form K-1.

8. All documents, if any, indicating that PELLP filed a 2008 Form K-1 for Ms. Herrmann with the IRS in 2009, including, but not limited to, IRS Service Center records, IRS transcripts, and IRS matching program records.

9. All documents indicating that PELLP did not file a 2008 Form K-1 for Ms. Herrmann with the IRS in 2009, including, but not limited to, records that ordinarily would show receipt by the IRS of a Form K-1 in a particular year—but for 2009 do not show receipt by the IRS of a 2008 Form K-1 for Ms. Herrmann, such as IRS Service Center records, IRS transcripts, and IRS matching program.

10. All documents identifying all persons at Paulson & Co. or Paulson Europe who stated that Paulson Europe (or Paulson & Co.) provided a timely 2008 K-1 to Mina Herrmann and the IRS, including but not limited to witness interview notes or memoranda.

11. All documents identifying all return preparers, advisors, representatives, employees, partners, or members of Paulson & Co. or Paulson Europe who stated that Paulson Europe's partnership return for the 2008 tax year filed with the IRS included all K-1's for all of the U.S. partners/members, including but not limited to witness interview notes or memoranda.

12. To the extent not already provided in response to another request above, all documents, including computations, calculations, analyses, workpapers,

4

summaries, discussions, advice, notes, interviews, memoranda, correspondence, advisory opinions, recommendations, agreements, or other records (including drafts) relating to the bonus paid to Ms. Herrmann in January 2009.

13. All Documents relating to the TEFRA audit of Paulson Europe and the number of meetings and telephone calls IRS personnel had with persons at Paulson & Co., persons at Paulson Europe, or lawyers, accountants, tax preparers, advisors, or other representatives for either company.

14. All documents relating to or reflecting communications with persons at Paulson & Co., persons at Paulson Europe, or lawyers, accountants, tax preparers, advisors, or other representatives for either company, in connection with the TEFRA audit of Paulson Europe.

15. All documents relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was, or was not, entitled to participate in the TEFRA audit of Paulson Europe.

16. All documents relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was, or was not, a notice partner in Paulson Europe.

17. All documents relating to or reflecting the decision to partially or fully exclude Mina Herrmann or her representatives from participation in the TEFRA audit of Paulson Europe.

18. All documents relating to or reflecting views or conclusions by any IRS personnel that it was an error to exclude Mina Herrmann from the TEFRA audit of Paulson Europe.

App. 008

19. All documents, if any, relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was not a partner in Paulson Europe.

20. All documents relating to or reflecting views or conclusions by any IRS personnel that the IRS did not have to issue an FPAA in connection with the audit of Paulson Europe for the 2008 tax year.

21. All documents relating to or reflecting views or conclusions by any IRS personnel that the IRS could issue a notice of computational adjustment for Ms. Herrmann's 2008 tax year, and did not have to proceed with deficiency procedures that would have entitled the Herrmanns to proceed to the U.S. Tax Court.

6

# APPENDIX A

**INSTRUCTIONS**

1.    Unless otherwise indicated, the relevant time period for the Requests is January 1, 2007 to December, 2014.

2.    You shall produce legible, bates-stamped copies of the requested documents in your possession, custody, or control, within 30 days after service of these requests or some other reasonable time as agreed to by counsel for the parties.  The documents shall be produced as they are kept in the usual course of business or shall be labeled to correspond with the requests above and shall be delivered to counsel for Plaintiffs at the following address:

> Nathan E. Clukey
> King & Spalding LLP
> 1700 Pennsylvania Ave, NW, Suite 200
> Washington, D.C. 20006

3.    Documents shall be produced in such manner as to identify the identity and business address of each document's custodian.

4.    For electronic documents, Plaintiffs requests that you produce the documents as Standard Group IV compressed single-page TIFFs for load to Concordance database with the following fields associated with each:

| START BATES | Your defined Bates Prefix for the beginning of each document |
| --- | --- |
| END BATES | The ending Bates Prefix for each document |
| BEG ATTACH | Bates Prefix for the beginning of a document with attached file(s) |

| END ATTACH | Bates Prefix of the last page of attachment(s) to a document |
|---|---|
| NUMPAGES | Document Page Count |
| SOURCE | The individual or department or division that is associated with the document |
| AUTHOR | Sender |
| TO | Recipient [delimited list] |
| CC | Cc  [delimited list] |
| BCC | Bcc  [delimited list] |
| MEDIA | File type, e.g., Word, Outlook, Lotus Notes, etc. |
| FILE NAME | File name |
| SUBJECT | Subject line |
| DOCDATE | Date document created |
| FILE SIZE | File size (as bytes) |
| OCR | OCR Text |

5.     Documents that cannot be legibly copied should be made available or produced in their original form.

6.     If any document requested herein is claimed to be privileged or otherwise withheld, in whole or in part, you must describe the nature of the document not produced in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection asserted.  You must identify each such document individually and provide the following information:

8

a.      identity of the person who created, wrote, or prepared the document

and, if applicable, the person to whom the document (or copies of it)

was sent;

b.      date on which the document was created, written, prepared, or

transmitted;

c.      description of the nature of the document (e.g., letter, e-mail,

memorandum);

d.      number of pages the document contains;

e.      whether the document is privileged or otherwise withheld, and why

the document is privileged or withheld; and

f.      the general nature of the document and the purpose of its creation.

7.      To the fullest extent permitted by law, each request shall be deemed continuing so as to require further and supplemental production if you receive, discover, become aware of, or create additional responsive documents subsequent to the date of your response to these document requests.

DATED this 15th day of May, 2015          By:

<u>/s/ Nathan E. Clukey</u>
NATHAN E. CLUKEY
1700 Pennsylvania Ave, NW Suite 200
Washington, D.C. 20006-4706
Phone:        (202) 737-0500
Fax:    (202) 626-3737
Email: nclukey@kslaw.com

*Attorney for Plaintiffs*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of May, 2015, the foregoing First Set of Requests for

Production of Documents was served via email and U.S. Mail to the following persons:


***<u>Via email and U.S. mail</u>***

**<u>For Defendant United States of America</u>**

MATTHEW D. LUCEY
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-0064
(202) 514-9440 (facsimile)
matthew.d.lucey@usdoj.gov

/s/ Ariana Wallizada
Ariana Wallizada (D.C. Bar No. 1003935)
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC  20006
Telephone: (202) 626-2386
Facsimile: (202) 626-3737
awallizada@kslaw.com

*Attorney for Plaintiffs*

10

# EXHIBIT 3

Defendant's response to plaintiffs' First Set of Requests
for the Production of Documents dated June 22, 2015

**EXHIBIT 3**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 14-941 T
(Judge Charles F. Lettow)

JEFFREY W. HERRMANN and MINA GEROWIN HERRMANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

## UNITED STATES' RESPONSE TO PLAINTIFFS' FIRST SET OF PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, the United States of hereby offers the following responses, including objections, to Plaintiffs' First Set of Requests for Production of Documents.

### GENERAL OBJECTIONS

The United States makes the following general objections to Plaintiffs' First Request for Production of Documents and incorporates these general objections into each of its individual responses.

1.    The United States objects to the requests to the extent they request the disclosure of information that was prepared in anticipation of litigation, constitutes work product, discloses mental impressions, conclusions, opinions, or legal theories of any attorneys, contains privileged attorney-client communications, contains confidential or proprietary information, or is otherwise protected from disclosure under applicable privileges, laws, or rules.

1

2.     The United States objects to the requests and the definitions contained therein to the extent they purport to impose obligations beyond those imposed by the Rules of the Court of Federal Claims.

3.     All specific responses to the requests are provided without waiver of, and with express reservation of: (a) all objections as to the competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence in any further proceedings in this action, including trial, or in any other action; (b) all privileges, including the executive or deliberative process privilege, the attorney-client privilege, and the work product doctrine; (c) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests; and (d) the right to move for a protective order to protect the confidentiality of any information disclosed or for any other purposes provided by law.

4.     No response or objection by defendant to any discovery request may be construed in any manner as an admission or acknowledgment by defendant of any legal or factual assertion or litigating position that may be contained in or inferred from the request.

2

RESPONSES

**Request 1.** All documents reviewed, considered, used, or relied upon in preparation of the IRS's Notice of Computation Adjustment for the Plaintiffs' tax year 2008.

OBJECTION:

This request is vague, overbroad, and requests irrelevant and non-discoverable information. This is a *de novo* proceeding. The "court's determination of plaintiff's tax liability must be based on facts and merits presented to the court and does not require (or even ordinarily permit) this court to review findings or a record previously developed at the administrative level." *Vons Cos., Inc. v. United States* 51 Fed. Cl. 1, 6 (2001). *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).[1]

---

[1] *See also, e.g.*, *R.E. Dietz Corp. v. U.S.*, 939 F.2d 1, 4 (2d Cir. 1991) ("[T]he factual and legal analysis employed by the Commissioner is of no consequence to the district court."); *Kentucky Trust Co. v. Glenn*, 217 F.2d 462, 465-66 (6th Cir. 1954); *Ruth v. U.S.*, 823 F.2d 1091, 1094 (7th Cir. 1987); *O'Dwyer v. Comm'r*, 266 F.2d 575, 580 (4th Cir. 1959); *Oliver v. U.S.*, 921 F.2d 916, 919-20 (9th Cir. 1990); *U.S. v. Nordberg*, 1996 WL 170119 at *2 (D. Mass. 1996) ("a court's determination as to a taxpayer's liability must be based on the merits of the case and not any previous record developed at the administrative level" (internal quotation omitted)), *aff'd by unpublished opinion*, 97 F.3d 1445 (1st Cir. 1996); *Nat'l Right to Work Legal Def. & Educ. Found v. U.S.*, 487 F. Supp. 801, 805 (E.D.N.C. 1979) ("[T]he factual and legal analysis of the Commissioner is of no concern to the district court . . . . The court's determination is *de novo*. The court does not review the action of the Commissioner, for there is in fact no record to review."); *Katz v. U.S.*, 1992 WL 103006 at *1 (E.D.Pa. 1992) (granting United States' motion in limine and barring taxpayer from introducing "[a]ny evidence regarding the IRS' administrative actions respecting the tax assessment levied against plaintiff," because "[i]t is not for this court to look behind an assessment to evaluate the procedure and evidence used in making the assessment"); *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look behind a deficiency notice to examine the evidence used or the propriety of [the Commissioner's] motives or of the administrative policy or procedure involved in making his determinations."); *U.S. v. Howard*, 360 F.2d 373, 381 (3d Cir. 1966) (sustaining order denying taxpayer's motion to compel United States and IRS revenue agent to appear for depositions and answer interrogatories); *ISI Corp. v. U.S.*, 503 F.2d 558, 559 (9th Cir.1974) (affirming district court's refusal to compel IRS agent to answer deposition questions regarding conduct of audit, because "[t]he opinions, conclusions and reasoning of government officials are not subject to discovery"); *Nordberg*, 1996 WL 170119, at *2-3 (granting United States' motion for protective order barring taxpayer from deposing IRS employees involved in (continued...)

3

**Request 2.** All documents prepared on or before April 13, 2012 concerning or reflecting any deviation by the audit team from standard IRS procedure in preparing the Notice of Computational Adjustment.

OBJECTION:

This request is vague and seeks irrelevant and non-discoverable information. This is a *de novo* proceeding, in which the Court will determine whether plaintiffs are entitled to a refund, without deference to the factual findings, the factual analysis, and the legal analysis of the IRS, including the thoughts, procedures, practices, or reasoning of IRS employees concerning plaintiffs' tax liability. See also response to Request 1.

RESPONSE:

Without waiving the foregoing objection, upon information and belief, no such documents exist.

---

(... continued)

audit, because liability for tax hinged on taxpayers' "treatment of the trading losses on their 1987 tax return . . . regardless of what an IRS agent, at any time, might have thought.") (citing *U.S. v. Tuthill*, 55 F.2d 415, 416 (7th Cir. 1931); *U.S. v. Ellis*, 154 F. Supp. 32, 38 (S.D.N.Y. 1957), *aff'd*, 264 F.2d 325 (2d Cir.1959)); *Detroit Screwmatic Co. v. U.S.*, 49 F.R.D. 77, 79 (S.D.N.Y.1970) (denying taxpayer's motion to compel United States to produce IRS documents created pursuant to audit, because "[t]he subjective analysis of the agent and technical advisor . . .and their respective opinions as to the proper method to be applied in determining whether taxes are due form no part of the plaintiffs' case"); *Pierson v. U.S.*, 428 F. Supp.384, 389 (D. Del. 1977) (denying motion to compel government response to document requests because "[t]he reasons for the Commissioner's determination are not relevant for the Court does not review those reasons. Instead, the review centers upon whether the . . . transaction was a taxable event."); *Garity v. U.S.*, 1980 WL1765 at *2 (E.D. Mich. 1980) (denying taxpayer's motion to compel United States to answer interrogatories and document requests regarding conduct of IRS audit, because the Commissioner's "motivation in issuing the assessments and the opinions of individual IRS agents regarding their propriety are immaterial"); *Mayes v. U.S.*, 1986 WL10093 at *2 (W.D. Mo. 1986) (refusing to compel Government to respond to taxpayer's interrogatories and document requests regarding the conduct of IRS audit because "[t]he court will not be reviewing the analysis followed by the IRS employee or the reasons why the IRS made the assessment").

4

**Request 3.** All documents relating to the original 2008 PELLP Form K-1, including but not limited to information indicating when it was supplied to the IRS, who supplied it, who prepared it, and when it was prepared.

OBJECTION:

This request is vague and overbroad and seeks irrelevant, non-discoverable information. See also response to Request 1.

RESPONSE:

Without waiving the foregoing objection, see attached Schedules K-1 and relevant portion of November 22, 2011 Jeffrey Bortnick email.

**Request 4.** All documents relating to the second 2008 PELLP Form K-1, including but not limited to information indicating when it was supplied to the IRS, who supplied it, and when it was prepared.

OBJECTION:

This request is vague and overbroad and seeks irrelevant, non-discoverable information. See also response to Request 1.

RESPONSE:

Without waiving the foregoing objection, see attached Schedules K-1 and relevant portion of November 22, 2011 Jeffrey Bortnick email.

**Request 5.** All documents concerning whether to revise, correct, or amend the IRS's Notice of Computational Adjustment because of the second 2008 PELLP Form K-1.

OBJECTION:

This request is vague and seeks irrelevant and non-discoverable information.  See  also response to Requests 1 and 2.

**Request 6.** All documents reviewed, considered, or relating to the amount of tax that the Herrmanns should owe based on the second PELLP Form K-1, including but not limited to computations, calculations, analyses and workpapers.

OBJECTION:

This request is vague, overbroad, and seeks irrelevant and non-discoverable information. See also responses to Requests 1 and 2.

**Request 7.** All documents concerning or reflecting any criticism of the audit team's failure to correct or amend the IRS's Notice of Computational Adjustment because of the corrected 2008 PELLP Form K-1.

OBJECTION:

This request is vague and seeks irrelevant and non-discoverable information. See also responses to Requests 1 and 2.

**Request 8.** All documents, if any, indicating that PELLP filed a 2008 Form K-1 for Ms. Herrmann with the IRS in 2009, including, but not limited to, IRS Service Center records, IRS transcripts, and IRS matching program records.

OBJECTION:

This request is vague and overbroad. It is also duplicative of Requests 3 and 4.

**Request 9.** All documents indicating that PELLP did not file a 2008 Form K-1 for Ms. Herrmann in 2009, including but not limited to, records that would ordinarily show receipt by the IRS of a Form K-1 in a particular year – but for 2009 do not show receipt by the IRS of a Form K-1 for Ms. Herrmann, such as IRS Service Center records, IRS transcripts, and IRS matching program.

6

OBJECTION:

This request is vague and overbroad.

RESPONSE:

Without waiving the foregoing objection, upon information and belief, no such documents exist.

**Request 10.** All documents identifying all persons at Paulson & Co. or Paulson Europe who stated that Paulson Europe (or Paulson & Co.) provided a timely K-1 to Mina Herrmann and the IRS, including but not limited to witness interview notes or memoranda.

OBJECTION:

This request is overbroad and seeks irrelevant and non-discoverable information. See also response to Request 1. Further, the request calls for internal communications among or between Paulson & Co. and/or Paulson Europe to which the IRS may not have been privy; to that extent, those entities are proper source for that information.

RESPONSE:

Without waiving the foregoing objection, see attached Schedules K-1 and relevant portion of November 22, 2011 Jeffrey Bortnick email.

**Request 11.** All documents identifying all return preparers, advisors, representatives, employees, partners, or members of Paulson & Co. or Paulson Europe who stated that Paulson Europe's partnership return for the 2008 tax year filed with the IRS included all K-1's for all of the U.S. partners/members, including but not limited to witness interview notes or memoranda.

OBJECTION:

This request is overbroad and seeks irrelevant and non-discoverable information. See also response to Request 1. Further, the request calls for internal communications among or

between Paulson & Co. and/or Paulson Europe to which the IRS may not have been privy; to that extent, those entities are proper source for that information.

**Request 12.**  To the extent not already provided in response to another request, above, all documents, including computations, calculations, analyses, workpapers, summaries, discussions, advice, notes, interviews, memoranda, correspondence, advisory opinions, recommendations, agreements, or other records (including drafts) relating to the bonus paid to Ms. Herrmann in January 2009.

OBJECTION:

This request is vague, overbroad, and seeks irrelevant and non-discoverable information. See also responses to Requests 1 and 2.  Further, the request calls for internal communications among or between Paulson & Co. and/or Paulson Europe to which the IRS may not have been privy; to that extent, those entities are proper source for that information.

**Request 13.**  All documents relating to the TEFRA audit of Paulson Europe and the number of meetings and telephone calls IRS personnel had with the persons at Paulson & Co., persons at Paulson Europe, or lawyers, accountants, tax preparers, advisors, or other representatives for either company.

OBJECTION:

This request is vague, overbroad, and seeks irrelevant and non-discoverable information. See also responses to Requests 1 and 2.

**Request 14.**  All documents relating to or reflecting communications with persons at Paulson & Co., persons at Paulson Europe, or lawyers, accountants, tax preparers, advisors, or other representatives for either company, in connection with the TEFRA audit of Paulson Europe.

8

OBJECTION:

This request is vague, overbroad, and seeks irrelevant and non-discoverable information. See also responses to Requests 1 and 2. Further, to the extent that the request calls for internal communications among or between Paulson & Co. and/or Paulson Europe to which the IRS may not have been privy; those entities are the proper source for that information.

**Request 15.** All documents relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was, or was not, entitled to participate in the TEFRA audit of Paulson Europe.

OBJECTION:

This request seeks irrelevant, non-discoverable information. See also responses to Requests 1 and 2.

**Request 16.** All documents relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was, or was not, a notice partner in Paulson Europe.

OBJECTION:

This request seeks irrelevant, non-discoverable information. See also responses to Requests 1 and 2.

RESPONSE:

Without waiving the foregoing objection, see attached Notice of Beginning of Administrative Proceeding and NBAP Registered Mail Listing.

**Request 17.** All documents relating to or reflecting the decision to partially or fully exclude Mina Herrmann or her representatives from participation in the TEFRA audit of Paulson Europe.

OBJECTION:

9

This request seeks irrelevant, non-discoverable information.   See also responses to Requests 1 and 2.

RESPONSE:

Without waiving the foregoing objection, upon information and belief, no such documents exist.

**Request 18.** All documents relating to or reflecting views or conclusions by any IRS personnel that it was an error to exclude Mina Herrmann from the TEFRA audit of Paulson Europe.

OBJECTION:

This request seeks irrelevant, non-discoverable information.  See also responses to Requests 1 and 2.

RESPONSE:

Without waiving the foregoing objection, upon information and belief, no such documents exist.

**Request 19.**  All documents, if any, relating to or reflecting views or conclusions by any IRS personnel that Mina Herrmann was not a partner in Paulson Europe.

OBJECTION:

This request seeks irrelevant, non-discoverable information.  See also responses to Requests 1 and 2.

RESPONSE:

Without waiving the foregoing objection, upon information and belief, no such documents exist.

**Request 20.**  All documents relating to or reflecting views or conclusions by any IRS personnel that the IRS did not have to issue an FPAA in connection with the audit of Paulson Europe for the 2008 tax year.

OBJECTION:

This request seeks irrelevant, non-discoverable information.  See also responses to Requests 1 and 2.

11

**Request 21.** All documents relating to or reflecting views or conclusions by any IRS personnel that the IRS could issue a notice of computational adjustment for Ms. Herrmann's 2008 tax year, and did not have to proceed with deficiency procedures that would have entitled the Herrmanns to proceed to the U.S. Tax Court.

OBJECTION:

This request seeks irrelevant, non-discoverable information. See also responses to Requests 1 and 2.

Respectfully submitted,

June 22, 2015

MATTHEW D. LUCEY
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-0064
(202) 514-9440 (facsimile)
matthew.d.lucey@usdoj.gov

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims
Section

June 22, 2015

Of Counsel

12

CPaul6826_000076

651108

**Schedule K-1**
**(Form 1065)**

**2008**

Department of the Treasury
Internal Revenue Service

For calendar year 2008, or tax
year beginning _____ , 2008
ending _____ , 20 _____

**Partner's Share of Income, Deductions,**
**Credits, etc.** ▶ See back of form and separate instructions.

| | Final K-1 | | Amended K-1 | OMB No. 1545-0099 |

**Part III** **Partner's Share of Current Year Income,**
**Deductions, Credits, and Other Items**

| **Part I** | **Information About the Partnership** |
| --- | --- |

**A**  Partnership's employer identification number

98-0496826

**B**  Partnership's name, address, city, state, and ZIP code

PAULSON EUROPE, LLP
C/O PAULSON & CO., INC.
1251 AVENUE OF THE AMERICAS, 50TH FLOOR
NEW YORK, NY  10020

**C**  IRS Center where partnership filed return

OGDEN

**D** ☐ Check if this is a publicly traded partnership (PTP)

| **Part II** | **Information About the Partner** |
| --- | --- |

**E**  Partner's identifying number    4

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

**F**  Partner's name, address, city, state, and ZIP code

MINA GEROWIN HERRMANN
37 OVINGTON SQUARE
LONDON, UK SW3 1LJ

**G** ☐ General partner or LLC member-manager ☒ Limited partner or other LLC member

**H** ☒ Domestic partner ☐ Foreign partner

**I**  What type of entity is this partner?    INDIVIDUAL

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | | Ending | |
| --- | --- | --- | --- | --- |
| Profit | VARIOUS | % | VARIOUS | % |
| Loss | VARIOUS | % | VARIOUS | % |
| Capital | VARIOUS | % | 0.452453 | % |

**K**  Partner's share of liabilities at year end:

Nonrecourse . . . . . . . . . . . $ _____
Qualified nonrecourse financing . . . $ _____
Recourse . . . . . . . . . . . . $ _____

**L**  Partner's capital account analysis:

Beginning capital account . . . . . $ _____
Capital contributed during the year . . $ _____59,202.
Current year increase (decrease) . . $ ___19,221,825.
Withdrawals & distributions . . . . $ (19,221,826.)
Ending capital account . . . . . . $ _____59,201.

☐ Tax basis ☒ GAAP ☐ Section 704(b) book
☐ Other (explain)

For IRS Use Only

| 1 | Ordinary business income (loss) | 15 | Credits |
| --- | --- | --- | --- |
| | 21,478,456. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| | | A | OC |
| 4 | Guaranteed payments | | |
| ▸ | 7,029. | B | 3,237,873. |
| 5 | Interest income | | |
| ▸ | 20,599. | C | 20,599. |
| 6a | Ordinary dividends | | |
| | | D | 20,599. |
| 6b | Qualified dividends | | |
| | | F | 3,217,274. |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | C* | 404. |
| F* | -2,274,797. | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | A | 19,221,826. |
| 13 | Other deductions | | |
| M* | 7,029. | 20 | Other information |
| | | A | 20,599. |
| 14 | Self-employment earnings (loss) | | |

*See attached statement for additional information.

For Paperwork Reduction Act Notice, see Instructions for Form 1065.

JSA
8P1200 4.000

34241P   K355   09/14/2009  11:44:49  V08-7.3

Schedule K-1 (Form 1065) 2008

**44**

CPaul6826_000077

Schedule K-1 (Form 1065) 2008    **PARTNER #    4    MI NA GEROWIN HERRMANN**    Page 2

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

| | Report on |
|---|---|
| 1. Ordinary business income (loss). Determine whether the income (loss) is passive or nonpassive and enter on your return as follows. | |
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | Schedule E, line 28, column (h) |
| Nonpassive income | Schedule E, line 28, column (j) |
| 2. Net rental real estate income (loss) | See the Partner's Instructions |
| 3. Other net rental income (loss) | |
| Net income | Schedule E, line 28, column (g) |
| Net loss | See the Partner's Instructions |
| 4. Guaranteed payments | Schedule E, line 28, column (j) |
| 5. Interest income | Form 1040, line 8a |
| 6a. Ordinary dividends | Form 1040, line 9a |
| 6b. Qualified dividends | Form 1040, line 9b |
| 7. Royalties | Schedule E, line 4 |
| 8. Net short-term capital gain (loss) | Schedule D, line 5, column (f) |
| 9a. Net long-term capital gain (loss) | Schedule D, line 12, column (f) |
| 9b. Collectibles (28%) gain (loss) | 28% Rate Gain Worksheet, line 4 (Schedule D instructions) |
| 9c. Unrecaptured section 1250 gain | See the Partner's Instructions |
| 10. Net section 1231 gain (loss) | See the Partner's Instructions |
| 11. Other income (loss) | |
| Code | |
| A Other portfolio income (loss) | See the Partner's Instructions |
| B Involuntary conversions | See the Partner's Instructions |
| C Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D Mining exploration costs recapture | See Pub. 535 |
| E Cancellation of debt | Form 1040, line 21 or Form 982 |
| F Other income (loss) | See the Partner's Instructions |
| 12. Section 179 deduction | See the Partner's Instructions |
| 13. Other deductions | |
| A Cash contributions (50%) | |
| B Cash contributions (30%) | |
| C Noncash contributions (50%) | |
| D Noncash contributions (30%) | See the Partner's Instructions |
| E Capital gain property to a 50% organization (30%) | |
| F Capital gain property (20%) | |
| G Contributions (100%) | |
| H Investment interest expense | Form 4952, line 1 |
| I Deductions-royalty income | Schedule E, line 18 |
| J Section 59(e)(2) expenditures | See the Partner's Instructions |
| K Deductions-portfolio (2% floor) | Schedule A, line 23 |
| L Deductions-portfolio (other) | Schedule A, line 28 |
| M Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N Educational assistance benefits | See the Partner's Instructions |
| O Dependent care benefits | Form 2441, line 14 |
| P Preproductive period expenses | See the Partner's Instructions |
| Q Commercial revitalization deduction from rental real estate activities | See Form 8582 instructions |
| R Pensions and IRAs | See the Partner's Instructions |
| S Reforestation expense deduction | See the Partner's Instructions |
| T Domestic production activities information | See Form 8903 instructions |
| U Qualified production activities income | Form 8903, line 7 |
| V Employer's Form W-2 wages | Form 8903, line 15 |
| W Other deductions | See the Partner's Instructions |
| 14. Self-employment earnings (loss) | |

Note. If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| | |
|---|---|
| A Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| B Gross farming or fishing income | See the Partner's Instructions |
| C Gross non-farm income | See the Partner's Instructions |
| 15. Credits | |
| A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | See the Partner's Instructions |
| B Low-income housing credit (other) from pre-2008 buildings | See the Partner's Instructions |
| C Low-income housing credit (section 42(j)(5)) from post-2007 buildings | Form 8586, line 11 |
| D Low-income housing credit (other) from post-2007 buildings | Form 8586, line 11 |
| E Qualified rehabilitation expenditures (from real estate) | |
| F Other rental real estate credits | See the Partner's Instructions |
| G Other rental credits | |
| H Undistributed capital gains credit | Form 1040, line 68; check box a |
| I Alcohol and cellulosic biofuels credit | Form 6478, line 9 |

| | Report on |
|---|---|
| J Work opportunity credit | Form 5884, line 3 |
| K Disabled access credit | See the Partner's Instructions |
| L Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| M Credit for increasing research activities | See the Partner's Instructions |
| N Credit for employer social security and Medicare taxes | Form 8846, line 5 |
| O Backup withholding | Form 1040, line 62 |
| P Other credits | See the Partner's Instructions |
| 16. Foreign transactions | |
| A Name of country or U.S. possession | |
| B Gross income from all sources | Form 1116, Part I |
| C Gross income sourced at partner level | |
| Foreign gross income sourced at partnership level | |
| D Passive category | |
| E General category | Form 1116, Part I |
| F Other | |
| Deductions allocated and apportioned at partner level | |
| G Interest expense | Form 1116, Part I |
| H Other | Form 1116, Part I |
| Deductions allocated and apportioned at partnership level to foreign source income | |
| I Passive category | |
| J General category | Form 1116, Part I |
| K Other | |
| Other information | |
| L Total foreign taxes paid | Form 1116, Part II |
| M Total foreign taxes accrued | Form 1116, Part II |
| N Reduction in taxes available for credit | Form 1116, line 12 |
| O Foreign trading gross receipts | Form 8873 |
| P Extraterritorial income exclusion | Form 8873 |
| Q Other foreign transactions | See the Partner's Instructions |
| 17. Alternative minimum tax (AMT) items | |
| A Post-1986 depreciation adjustment | |
| B Adjusted gain or loss | See the Partner's |
| C Depletion (other than oil & gas) | Instructions and |
| D Oil, gas, & geothermal - gross income | the instructions for |
| E Oil, gas, & geothermal - deductions | Form 6251 |
| F Other AMT items | |
| 18. Tax-exempt income and nondeductible expenses | |
| A Tax-exempt interest income | Form 1040, line 8b |
| B Other tax-exempt income | See the Partner's Instructions |
| C Nondeductible expenses | See the Partner's Instructions |
| 19. Distributions | |
| A Cash and marketable securities | |
| B Other property | See the Partner's Instructions |
| C Distribution subject to section 737 | |
| 20. Other information | |
| A Investment income | Form 4952, line 4a |
| B Investment expenses | Form 4952, line 5 |
| C Fuel tax credit information | Form 4136 |
| D Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E Basis of energy property | See the Partner's Instructions |
| F Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H Recapture of investment credit | See Form 4255 |
| I Recapture of other credits | See the Partner's Instructions |
| J Look-back interest - completed long-term contracts | See Form 8697 |
| K Look-back interest - income forecast method | See Form 8866 |
| L Dispositions of property with section 179 deductions | |
| M Recapture of section 179 deduction | |
| N Interest expense for corporate partners | |
| O Section 453(l)(3) information | |
| P Section 453A(c) information | |
| Q Section 1260(b) information | See the Partner's |
| R Interest allocable to production expenditures | Instructions |
| S CCF nonqualified withdrawals | |
| T Depletion information - oil and gas | |
| U Amortization of reforestation costs | |
| V Unrelated business taxable income | |
| W Precontribution gain (loss) | |
| X Other information | |

JSA
8P1300 3.000

34241P   K355   09/14/2009 11:44:49 V08-7.3                45

```
                                                         CPaul6826_000078
PAULSON EUROPE, LLP                                      98-0496826
SCH K-1 SUPPORTING SCHEDULES PARTNER #    4 MINA GEROWIN HERRMANN
=================================================================================
ITEM L - CAPITAL CONTRIBUTIONS
==============================
CASH CONTRIBUTIONS                                              59,202.
                                                        ---------------
  TOTAL CAPITAL CONTRIBUTIONS                                   59,202.
                                                        ===============


ITEM L - RECONCILIATION OF INCOME
=================================
INCOME (LOSS) FROM SCH. K-1, LINES 1 - 11                   19,231,287.
LESS:  DEDUCTIONS FROM SCH. K-1, LINES 12, 13, 16L, AND 16M      7,029.
                                                        ---------------
       TOTAL INCOME PER SCHEDULE K-1                        19,224,258.

LESS:  EXPENSES RECORDED ON BOOKS, NOT INCLUDED ON SCH. K-1:
  DEPRECIATION                                                   6,185.
  TRAVEL AND ENTERTAINMENT                                         404.

PLUS:  DEDUCTIONS ON SCH. K-1, NOT CHARGED AGAINST BOOKS:
  DEPRECIATION                                                   3,842.
  AMORTIZATION                                                     314.
                                                        ---------------
       TOTAL INCOME PER ITEM L, CURRENT YEAR INCR(DECR)     19,221,825.
                                                        ===============


ITEM L - WITHDRAWALS AND DISTRIBUTIONS
======================================
CASH DISTRIBUTIONS                                          19,221,826.
                                                        ---------------
  TOTAL WITHDRAWALS AND DISTRIBUTIONS                       19,221,826.
                                                        ===============


LINE 4 - GUARANTEED PAYMENTS
============================
OTHER GUARANTEED PAYMENTS NOT CARRYING TO SCHEDULE M-1           7,029.
                                                        ---------------
  TOTAL GUARANTEED PAYMENTS                                      7,029.
                                                        ===============


LINE 5 - INTEREST INCOME
========================

OTHER INTEREST INCOME
---------------------
  INTEREST INCOME                                               20,599.
                                                        ---------------
  TOTAL INTEREST INCOME                                         20,599.
                                                        ===============
```

```
8P9000 1.000
       34241P   K355  09/14/2009 11:44:49 V08-7.3                    46
```

```
                                                      CPaul6826_000079
PAULSON EUROPE, LLP                                   98-0496826
SCH K-1 SUPPORTING SCHEDULES PARTNER #    4 MINA GEROWIN HERRMANN
================================================================================
LINE 11 - OTHER INCOME( LOSS)
==============================
F  OTHER INCOME( LOSS)
----------------------
OTHER INCOME INCLUDED IN ITEM L, CURRENT YEAR INCREASE ( DECREASE):
   F/X REMEASUREMENT GAIN/( LOSS)                          -2,274,797.
                                                      ----------------
   TOTAL BOX F                                            -2,274,797.
                                                      ================


LINE 13 - OTHER DEDUCTIONS
==========================
M  AMOUNTS PAID FOR MEDICAL INSURANCE
-------------------------------------
   FROM TRADE\BUSINESS                                          7,029.
                                                      ----------------
   TOTAL BOX M                                                 7,029.
                                                      ================


LINE 18C - NONDEDUCTIBLE EXPENSES
=================================
TRAVEL AND ENTERTAINMENT EXPENSE NONDEDUCTIBLE                    404.
                                                      ----------------
   TOTAL NONDEDUCTIBLE EXPENSES                                  404.
                                                      ================
```

STATEMENT  2

App. 030

651108

| | | |
|---|---|---|
| | Final K-1 | X | Amended K-1 | OMB No. 1545-0099 |

**Schedule K-1**
**(Form 1065)**

**2008**

Department of the Treasury
Internal Revenue Service

For calendar year 2008, or tax
year beginning _____ , 2008
ending _____ , 20 ___

## Partner's Share of Income, Deductions, Credits, etc.

▶ See back of form and separate instructions.

### Part I   Information About the Partnership

**A**   Partnership's employer identification number

98-0496826

**B**   Partnership's name, address, city, state, and ZIP code

PAULSON EUROPE, LLP
C/O PAULSON & CO., INC.
1251 AVENUE OF THE AMERICAS, 50TH FLOOR
NEW YORK, NY  10020

**C**   IRS Center where partnership filed return

OGDEN

**D**   ☐ Check if this is a publicly traded partnership (PTP)

### Part II   Information About the Partner

**E**   Partner's identifying number        4
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

**F**   Partner's name, address, city, state, and ZIP code

MINA GEROWIN HERRMANN
37 OVINGTON SQUARE
LONDON, UK SW3 1LJ

**G**   ☐ General partner or LLC member-manager     ☒ Limited partner or other LLC member

**H**   ☒ Domestic partner     ☐ Foreign partner

**I**   What type of entity is this partner?   INDIVIDUAL

**J**   Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | VARIOUS % | VARIOUS % |
| Loss | VARIOUS % | VARIOUS % |
| Capital | VARIOUS % | 0.452453 % |

**K**   Partner's share of liabilities at year end:

Nonrecourse . . . . . . . . . . . $ _____
Qualified nonrecourse financing . . . $ _____
Recourse . . . . . . . . . . . . $ _____

**L**   Partner's capital account analysis:

Beginning capital account . . . . . $ _____
Capital contributed during the year . . $      59,202.
Current year increase (decrease) . . . $  19,221,825.
Withdrawals & distributions . . . . $ ( 19,221,826.)
Ending capital account . . . . . . $      59,201.

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

### Part III   Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) | | 15 | Credits |
| | 21,478,456. | | | |
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions |
| | | | A | OC |
| 4 | Guaranteed payments | | B | 21,499,055. |
| * | 7,029. | | | |
| 5 | Interest income | | C | 20,599. |
| * | 20,599. | | | |
| 6a | Ordinary dividends | | D | 20,599. |
| 6b | Qualified dividends | | F | 21,478,456. |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | | |
| 9a | Net long-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | | |
| 9c | Unrecaptured section 1250 gain | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | | C* | 404. |
| F* | -2,274,797. | | | |
| | | | 19 | Distributions |
| 12 | Section 179 deduction | | A | 19,221,826. |
| 13 | Other deductions | | 20 | Other information |
| M* | 7,029. | | | |
| 14 | Self-employment earnings (loss) | | A | 20,599. |

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.

JSA
8P1200 4.000

**Schedule K-1 (Form 1065) 2008**

34241P   K355   07/17/2012  14:25:11  V08-8.1

44

Schedule K-1 (Form 1065) 2008    **PARTNER #    4   MINA GEROWIN HERRMANN**     Page 2

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

| | | Report on |
|---|---|---|
| 1. | Ordinary business income (loss). Determine whether the income (loss) is passive or nonpassive and enter on your return as follows | |
| | | Report on |
| | Passive loss | See the Partner's Instructions |
| | Passive income | Schedule E, line 28, column (g) |
| | Nonpassive loss | Schedule E, line 28, column (h) |
| | Nonpassive income | Schedule E, line 28, column (j) |
| 2. | Net rental real estate income (loss) | See the Partner's Instructions |
| 3. | Other net rental income (loss) | |
| | Net income | Schedule E, line 28, column (g) |
| | Net loss | See the Partner's Instructions |
| 4. | Guaranteed payments | Schedule E, line 28, column (j) |
| 5. | Interest income | Form 1040, line 8a |
| 6a. | Ordinary dividends | Form 1040, line 9a |
| 6b. | Qualified dividends | Form 1040, line 9b |
| 7. | Royalties | Schedule E, line 4 |
| 8. | Net short-term capital gain (loss) | Schedule D, line 5, column (f) |
| 9a. | Net long-term capital gain (loss) | Schedule D, line 12, column (f) |
| 9b. | Collectibles (28%) gain (loss) | 28% Rate Gain Worksheet, line 4 (Schedule D Instructions) |
| 9c. | Unrecaptured section 1250 gain | See the Partner's Instructions |
| 10. | Net section 1231 gain (loss) | See the Partner's Instructions |
| 11. | Other income (loss) | |
| | Code | |
| | A Other portfolio income (loss) | See the Partner's Instructions |
| | B Involuntary conversions | See the Partner's Instructions |
| | C Sec. 1256 contracts & straddles | Form 6781, line 1 |
| | D Mining exploration costs recapture | See Pub. 535 |
| | E Cancellation of debt | Form 1040, line 21 or Form 982 |
| | F Other income (loss) | See the Partner's Instructions |
| 12. | Section 179 deduction | See the Partner's Instructions |
| 13. | Other deductions | |
| | A Cash contributions (50%) | |
| | B Cash contributions (30%) | |
| | C Noncash contributions (50%) | |
| | D Noncash contributions (30%) | See the Partner's Instructions |
| | E Capital gain property to a 50% organization (30%) | |
| | F Capital gain property (20%) | |
| | G Contributions (100%) | |
| | H Investment interest expense | Form 4952, line 1 |
| | I Deductions-royalty income | Schedule E, line 18 |
| | J Section 59(e)(2) expenditures | See the Partner's Instructions |
| | K Deductions-portfolio (2% floor) | Schedule A, line 23 |
| | L Deductions-portfolio (other) | Schedule A, line 28 |
| | M Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| | N Educational assistance benefits | See the Partner's Instructions |
| | O Dependent care benefits | Form 2441, line 14 |
| | P Preproductive period expenses | See the Partner's Instructions |
| | Q Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| | R Pensions and IRAs | See the Partner's Instructions |
| | S Reforestation expense deduction | See the Partner's Instructions |
| | T Domestic production activities information | See Form 8903 Instructions |
| | U Qualified production activities income | Form 8903, line 7 |
| | V Employer's Form W-2 wages | Form 8903, line 15 |
| | W Other deductions | See the Partner's Instructions |
| 14. | Self-employment earnings (loss) | |

Note. If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| | | |
|---|---|---|
| | A Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| | B Gross farming or fishing income | See the Partner's Instructions |
| | C Gross non-farm income | See the Partner's Instructions |
| 15. | Credits | |
| | A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | See the Partner's Instructions |
| | B Low-income housing credit (other) from pre-2008 buildings | See the Partner's Instructions |
| | C Low-income housing credit (section 42(j)(5)) from post-2007 buildings | Form 8586, line 11 |
| | D Low-income housing credit (other) from post-2007 buildings | Form 8586, line 11 |
| | E Qualified rehabilitation expenditures (from real estate) | See the Partner's Instructions |
| | F Other rental real estate credits | See the Partner's Instructions |
| | G Other rental credits | |
| | H Undistributed capital gains credit | Form 1040, line 68, check box a |
| | I Alcohol and cellulosic biofuel fuels credit | Form 6478, line 9 |

| | | Report on |
|---|---|---|
| | J Work opportunity credit | Form 5884, line 3 |
| | K Disabled access credit | See the Partner's Instructions |
| | L Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| | M Credit for increasing research activities | See the Partner's Instructions |
| | N Credit for employer social security and Medicare taxes | Form 8846, line 5 |
| | O Backup withholding | Form 1040, line 62 |
| | P Other credits | See the Partner's Instructions |
| 16. | Foreign transactions | |
| | A Name of country or U.S. possession | |
| | B Gross income from all sources | Form 1116, Part I |
| | C Gross income sourced at partner level | |
| | Foreign gross income sourced at partnership level | |
| | D Passive category | |
| | E General category | Form 1116, Part I |
| | F Other | |
| | Deductions allocated and apportioned at partner level | |
| | G Interest expense | Form 1116, Part I |
| | H Other | Form 1116, Part I |
| | Deductions allocated and apportioned at partnership level to foreign source income | |
| | I Passive category | |
| | J General category | Form 1116, Part I |
| | K Other | |
| | Other information | |
| | L Total foreign taxes paid | Form 1116, Part II |
| | M Total foreign taxes accrued | Form 1116, Part II |
| | N Reduction in taxes available for credit | Form 1116, line 12 |
| | O Foreign trading gross receipts | Form 8873 |
| | P Extraterritorial income exclusion | Form 8873 |
| | Q Other foreign transactions | See the Partner's Instructions |
| 17. | Alternative minimum tax (AMT) items | |
| | A Post-1986 depreciation adjustment | See the Partner's Instructions and the Instructions for Form 6251 |
| | B Adjusted gain or loss | |
| | C Depletion (other than oil & gas) | |
| | D Oil, gas, & geothermal - gross income | |
| | E Oil, gas, & geothermal - deductions | |
| | F Other AMT items | |
| 18. | Tax-exempt income and nondeductible expenses | |
| | A Tax-exempt interest income | Form 1040, line 8b |
| | B Other tax-exempt income | See the Partner's Instructions |
| | C Nondeductible expenses | See the Partner's Instructions |
| 19. | Distributions | |
| | A Cash and marketable securities | |
| | B Other property | See the Partner's Instructions |
| | C Distribution subject to section 737 | |
| 20. | Other Information | |
| | A Investment income | Form 4952, line 4a |
| | B Investment expenses | Form 4952, line 5 |
| | C Fuel tax credit information | Form 4136 |
| | D Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| | E Basis of energy property | See the Partner's Instructions |
| | F Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| | G Recapture of low-income housing credit (other) | Form 8611, line 8 |
| | H Recapture of investment credit | See Form 4255 |
| | I Recapture of other credits | See the Partner's Instructions |
| | J Look-back interest - completed long-term contracts | See Form 8697 |
| | K Look-back interest - income forecast method | See Form 8866 |
| | L Dispositions of property with section 179 deductions | |
| | M Recapture of section 179 deduction | |
| | N Interest expense for corporate partners | |
| | O Section 453(l)(3) information | |
| | P Section 453A(c) information | |
| | Q Section 1260(b) information | See the Partner's Instructions |
| | R Interest allocable to production expenditures | |
| | S CCF nonqualified withdrawals | |
| | T Depletion information - oil and gas | |
| | U Amortization of reforestation costs | |
| | V Unrelated business taxable income | |
| | W Precontribution gain (loss) | |
| | X Other information | |

JSA
8P1300 3.000

App. 032

```
PAULSON EUROPE, LLP                                          98-0496826
SCH K-1 SUPPORTING SCHEDULES PARTNER #    4 MINA GEROWIN HERRMANN
========================================================================
ITEM L - CAPITAL CONTRIBUTIONS
==============================
CASH CONTRIBUTIONS                                              59,202.
                                                        ----------------
   TOTAL CAPITAL CONTRIBUTIONS                                 59,202.
                                                        ================


ITEM L - RECONCILIATION OF INCOME
=================================
INCOME (LOSS) FROM SCH. K-1, LINES 1 - 11                   19,231,287.
LESS:  DEDUCTIONS FROM SCH. K-1, LINES 12, 13, 16L, AND 16M      7,029.
                                                        ----------------
       TOTAL INCOME PER SCHEDULE K-1                        19,224,258.

LESS:  EXPENSES RECORDED ON BOOKS, NOT INCLUDED ON SCH. K-1:
   DEPRECIATION                                                  6,185.
   TRAVEL AND ENTERTAINMENT                                        404.

PLUS:  DEDUCTIONS ON SCH. K-1, NOT CHARGED AGAINST BOOKS:
   DEPRECIATION                                                  3,842.
   AMORTIZATION                                                    314.
                                                        ----------------
       TOTAL INCOME PER ITEM L, CURRENT YEAR INCR(DECR)     19,221,825.
                                                        ================


ITEM L - WITHDRAWALS AND DISTRIBUTIONS
======================================
CASH DISTRIBUTIONS                                          19,221,826.
                                                        ----------------
   TOTAL WITHDRAWALS AND DISTRIBUTIONS                      19,221,826.
                                                        ================


LINE 4 - GUARANTEED PAYMENTS
============================
OTHER GUARANTEED PAYMENTS NOT CARRYING TO SCHEDULE M-1          7,029.
                                                        ----------------
   TOTAL GUARANTEED PAYMENTS                                    7,029.
                                                        ================


LINE 5 - INTEREST INCOME
========================

OTHER INTEREST INCOME
----------------------
   INTEREST INCOME                                             20,599.
                                                        ----------------
   TOTAL INTEREST INCOME                                       20,599.
                                                        ================




                                                        STATEMENT  1
8P9000 I 000
     34241P   K355   07/17/2012 14:25:11 V08-8.1               46
```

```
PAULSON EUROPE, LLP                                            98-0496826
SCH K-1 SUPPORTING SCHEDULES PARTNER #    4 MINA GEROWIN HERRMANN
================================================================================
LINE 11 - OTHER INCOME(LOSS)
============================
F  OTHER INCOME(LOSS)
---------------------
OTHER INCOME INCLUDED IN ITEM L, CURRENT YEAR INCREASE (DECREASE):
   F/X REMEASUREMENT GAIN/(LOSS)                                 -2,274,797.
                                                              ----------------
   TOTAL BOX F                                                   -2,274,797.
                                                              ================


LINE 13 - OTHER DEDUCTIONS
==========================
M  AMOUNTS PAID FOR MEDICAL INSURANCE
-------------------------------------
   FROM TRADE\BUSINESS                                                7,029.
                                                              ----------------
   TOTAL BOX M                                                       7,029.
                                                              ================


LINE 18C - NONDEDUCTIBLE EXPENSES
=================================
TRAVEL AND ENTERTAINMENT EXPENSE NONDEDUCTIBLE                         404.
                                                              ----------------
   TOTAL NONDEDUCTIBLE EXPENSES                                        404.
                                                              ================
```

App. 034

**From:** Jeffrey Bortnick [JBortnick@KKWC.com]
**Sent:** Tuesday, November 22, 2011 1:39 PM
**To:** Scott Joseph G
**Cc:** Neil Dubnoff; Jeffrey Bortnick
**Subject:** FW: Paulson Europe IDR 10 and 11
**Signed By:** jbortnick@kkwc.com

**Attachments**

Joe,

The responses to IDRs 10 and 11 for Paulson Europe LLP are below (and attached).

**IDR 10**



On our conference
call of August 17, 2011 you asked for proof that a K-1 was sent to Mina.  We believe that the K-1 was sent to Mina by regular mail (as is our usual practice) so we do not have any "proof".

Please let us know if you need anything further.

Jeff

Jeffrey S. Bortnick
**KLEINBERG | KAPLAN | WOLFF | COHEN**
551 Fifth Avenue, New York, NY 10176
Direct: 212.880.9810 | Fax: 212.986.8866
jbortnick@kkwc.com
www.kkwc.com

\*\*\*IRS CIRCULAR 230 NOTICE\*\*\*
Tax advice, if any, included in this communication (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or by any other governmental tax authority.  For more information about Circular 230, see
http://www.kkwc.com/docs/circular230memo.pdf.

RE 540 632 636 US

**Internal Revenue Service**

PO BOX 409105
OGDEN UT 84409

DATE 09-06-2011

MINA GEROWIN HERRMANN
37 OVINGTON SQUARE
LONDON UK SW3 1LJ

**Department of the Treasury**

Date:
   09-06-2011
Taxpayer Identification Number:
(Not used on TMP Letter)
   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
Name of Partnership:
   PAULSON EUROPE LLC
Partnership ID Number:
   98-0496826
Tax Year Ended:
   DECEMBER 2008
Person to Contact:
   JENNIFER HAWKINS
Employee Identification Number:
   0479046234
Contact Hours:
   MON-THURS 6:00 AM TO 1:00 PM MST
Telephone Number:
(Not a toll-free number)
   (801) 620-2197

## NOTICE OF BEGINNING OF ADMINISTRATIVE PROCEEDING

   We are required by law to send you this notice. This is your notice that we are starting an administrative proceeding at the partnership level with respect to partnership items related to the partnership return identified above. This means our office is beginning an examination (audit) of your partnership's federal tax return. You have been identified as a partner. Our audit will be conducted at the partnership level through your Tax Matters Partner, who will officially represent the partnership in its dealings with the IRS. Please contact your Tax Matters Partner if you would like to participate in the proceedings. If applicable, we will mail you a notice of proposed changes upon completion of the audit.

   **Please be advised** - We will be sending most communications, including document requests and conference notifications, only to the Tax Matters Partner who is responsible for keeping all partners apprised of scheduled events and the status of the proceedings. We urge you to maintain regular communications with your Tax Matters Partner regarding the progress of this examination. Any adjustment we make to the partnership's return may affect your personal tax liability. This proceeding may present the only opportunity to challenge our findings. The results of our audit will apply to all partners even if your representative fails to keep you informed. Our records indicate that the most recent address of the partnership is:

   PAULSON EUROPE LLC
   % PAULSON & CO INC
   1251 AVENUE OF THE AMERICAS FL 50
   NEW YORK NY 10020-1122506

**Letter 1787(SC) (Rev. 4-2003)**
Catalog Number 62157C

App. 037

**"Pass-thru" partners** (estate, trust, S corporation, partnership, or nominee of another person) are required to forward a copy of this notice and all notices received from the IRS to all persons holding an interest in the above-named partnership. *For example, if you are a partnership, you are required to send copies of this notice to your partners.* You must do so within 30 days of receipt of the notice. The responsibilities of pass-thru partners are set forth in Treasury Regulation (26 C.F.R.) §301.6223(h)-1.

**Tax Matters Partners** are required to keep each partner informed of all IRS proceedings and any court case that may follow. You must furnish the IRS with the name, address, profits interest, and taxpayer identification number of each person who was a partner at any time during the year under examination. If you did not submit this information with the partnership return, or if the information that you submitted needs to be updated, please send the most current information to the IRS address shown in this letter. The responsibilities of the Tax Matters Partner are set forth in Treasury Regulation (26 C.F.R.) §301.6223(g)-1.

Your rights as a taxpayer are set forth in IRS Publication 1, *Your Rights as a Taxpayer*. Please refer to Publication 541, *Partnerships*, for information about partnership taxation.

If you have questions, you may write or call the IRS contact person whose name, address and telephone number are listed in the heading of this letter. If you write, please enclose a copy of this letter, and include your telephone number with the most convenient time for us to call you. If our number is outside of your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

R. A. GUERNSEY, DIRECTOR
CAMPUS COMPLIANCE OPERATION OGDEN

Enclosures:
Copy of this letter

Letter 1787(SC) (Rev. 4-2003)
Catalog Number 62157C

NBAP REGISTERED MAIL LISTING A

NAME AND ADDRESS OF SENDER

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OGDEN SERVICE CENTER
EXAMINATION BRANCH

DISTRICT DIRECTOR                                              DATE: 09-06-2011
PO BOX 409105
OGDEN UT 84409

NOTICE OF BEGINNING OF ADMINISTRATIVE PROCEEDING FOR THE YEAR(S)
INDICATED BELOW HAVE BEEN SENT TO THE FOLLOWING TAXPAYERS

(POSTAGE FEE PAID BY IRS)

| PAULSON EUROPE LLC | | 06 | 2008 | |
|---|---|---|---|---|
| **NUMBER OF ARTICLE** | | | | **REMARKS** |
| 0001<br>RE 540 632 619 US | NIKOLAI PETCHENIKOV<br>%PAULSON EUROPE LLP<br>70 JERMYN STREET<br>LONDON  UK  SW1Y 6NY | | | FOREIGNUS<br><br>2008 |
| 0002<br>RE 540 632 622 US | HARRY ST JOHN COOPER<br>%PAULSON EUROPE LLP<br>70 JERMYN STREET<br>LONDON  UK  SW1Y 6NY | | | FOREIGNUS<br><br>2008 |
| 0003<br>RE 540 632 636 US | MINA GEROWIN HERRNANN<br>37 OVINGTON SQUARE<br>LONDON  UK  SW3 1LJ | | | 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<br><br>2008 |

TOTAL NO. OF PIECES    TOTAL NO. OF PIECES          POSTMASTER (PER NAME OF
LISTED BY SENDER 003  RECEIVED AT P.O.                    RECEIVING EMPLOYEE)

_____        _____

                                               DATE: _____

# EXHIBIT 4

Defendant's response to plaintiffs' First Set of Requests
for Admission dated June 18, 2015

**EXHIBIT 4**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 14-941 T
(Judge Charles F. Lettow)

JEFFREY W. HERRMANN and MINA GEROWIN HERRMANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

## UNITED STATES' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, the United States of hereby offers the following responses, including objections, to Plaintiffs' First Set of Requests for Admission.

## OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

**Request 1.**  Admit that the original 2008 PELLP Form K-1 contained an error that understated the proper amount of foreign source income attributable to Ms. Herrmann.

OBJECTION:  The request fails to identify the document to which the term "original 2008 PELLP Form K-1" refers.  Therefore, this request is ambiguous.

ANSWER:  Without waiving the foregoing objection, admits that the first Schedule K-1 to Paulson Europe LLP's Form 1065 for Ms. Herrmann understated the amount of foreign source income attributable to Ms. Herrmann.

**Request 2.**  Admit that the error in the original 2008 PELLP Form K-1 resulted in an understatement of the amount of foreign tax credit to which the Herrmanns were entitled for 2008.

OBJECTION:  The request fails to identify the document to which the term "original 2008 PELLP Form K-1" refers.  The request fails to identify what is meant by the term "understatement" and fails to identify which individual or entity purportedly made such "understatement."   Therefore, this request is ambiguous.

**Request 3.** Admit that the IRS's Notice of Computational Adjustment was based on the original 2008 PELLP Form K-1.

OBJECTION:  The request fails to identify the document to which the term "original 2008 PELLP Form K-1" refers.  Therefore, this request is ambiguous.

ANSWER:  Without waiving the foregoing objection, admits that a Notice of Computational Adjustment was issued because Ms. Herrmann did not report on her personal return in a manner consistent with Schedule K-1 for PELLP's Form 1065 for tax year 2008.

2

**Request 4.** Admit that the error in the original 2008 PELLP Form K-1 caused the IRS to overstate by approximately $5.2 million the amount of tax and interest purportedly owed by the Herrmanns.

OBJECTION: The request fails to identify the document to which the term "original 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing objection, denies.

**Request 5.** Admit that a second 2008 PELLP Form K-1 ("the corrected 2008 PELLP Form K-1") corrected the error in the original 2008 PELLP Form K-1.

OBJECTION: The request fails to identify the document to which the term "original 2008 PELLP Form K-1" refers and the document to which the term "second 2008 PELLP Form K-1" or "corrected 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing objection, admits that PELLP provided a second Schedule K-1 for Ms. Herrmann reflecting the same amount of income as the first Schedule K-1 but correcting the portion of that income that was attributable to a foreign source.

**Request 6.** Admit that the corrected 2008 PELLP Form K-1 reported the proper amount of foreign source income attributable to Ms. Herrmann.

OBJECTION: The request fails to identify the document to which the term "corrected 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing, admits that PELLP provided a second Schedule K-1 for Ms. Herrmann reflecting the same amount of income as the first Schedule K-1 but correcting the portion of that income attributable to a foreign source.

**Request 7.** Admit that the IRS received the corrected 2008 PELLP Form K-1 sometime in 2012.

OBJECTION: The request fails to identify the document to which the term "corrected 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing objection, admits that in 2012 PELLP provided a second Schedule K-1 for Ms. Herrmann reflecting the same amount of income as the first Schedule K-1 but correcting the portion of that income that attributable to a foreign source.

**Request 8.** Admit that the IRS did not revise or correct the Notice of Computational Adjustment based on the corrected 2008 PELLP Form K-1.

OBJECTION: The request fails to identify the document to which the term "corrected 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing, admits that there was no reason for the IRS to revise or correct the Notice of Computational Adjustment because nothing on the Notice of Computational would have changed as a result of the second Schedule K-1.

**Request 9.** Admit that if the IRS had revised or corrected the Notice of Computational Adjustment based on the corrected 2008 PELLP Form K-1, it would have reduced the amount of tax and interest purportedly owed by the Herrmanns by approximately $5.2 million.

OBJECTION: The request fails to identify the document to which the term "corrected 2008 PELLP Form K-1" refers. Therefore, this request is ambiguous.

ANSWER: Without waiving the foregoing objection, denies.

**Request 10.** Admit that the Herrmanns are entitled to carryback 2009 foreign tax credits to the 2008 tax year.

ANSWER: Denies.

**Request 11.** Admit that the carryback to 2008 of all 2009 foreign tax credits to which the Herrmann are entitled would result in a refund to the Herrmanns of approximately $5.2 million.

4

ANSWER: Denies.

**Request 12.** Admit that the Herrmanns are entitled to a refund of approximately $5.2

million even if the government were to otherwise prevail on all material issues in dispute in this

litigation.

ANSWER: Denies.

**Request 13.** Admit that, as stated on page 10 of 58 of the September 10, 2013, Claim

Disallowance Letter, "the taxpayer should be allowed a carry back of Foreign Tax

Credit (FTC) from 2009 to 2008." *See* Attachment A (September 10, 2013, Claim Disallowance

Letter).

OBJECTION: This request seeks irrelevant information.  This is a *de novo* proceeding,

in which the Court will determine whether plaintiffs are entitled to a refund, without deference to

the factual findings, the factual analysis, and the legal analysis of the IRS, including the

thoughts, procedures, practices, or reasoning of IRS employees concerning plaintiffs' tax

liability.

ANSWER:  Without waiving the foregoing, admits that the complete paragraph, only

partially quoted by plaintiffs, on page 10 of the September 10, 2013 Claim Disallowance Letter

states:

> "The team recognized that the taxpayer should be allowed a carry back of Foreign
> Tax Credit (FTC) from 2009 to 2008.  It was determined that this was the proper
> application of the FTC.  The team presented this position to the TP and they did
> not accept this position."

Denies that plaintiff is currently entitled to a carryback of Foreign Tax Credit.

Avers that page 17 of the September 10, 2013 Claim Disallowance Letter states:

> "The exam team notified the taxpayer that any unused foreign tax credits that
> were paid in 2009 were available for carryback into 2008; however this would

require amending the 2009, 2010, and 2011 returns. The taxpayer declined to amend returns and disagreed with this position. The taxpayer wanted to continue to pursue the change from the "paid" to the "accrual" method issue."

**Request 14.** Admit that, as stated under a heading marked "**Government's Position**" on page 17 of 58 of the September 10, 2013, Claim Disallowance Letter, "Any foreign tax credit (FTC) paid and unused in 2009 is available for a 1 year carry back to 2008." *See* Attachment A (September 10, 2013, Claim Disallowance Letter).

OBJECTION: This request seeks irrelevant information. This is a *de novo* proceeding, in which the Court will determine whether plaintiffs are entitled to a refund, without deference to the factual findings, the factual analysis, and the legal analysis of the IRS, including the thoughts, procedures, practices, or reasoning of IRS employees concerning plaintiffs' tax liability.

ANSWER: Without waiving the foregoing objection, admits that the complete paragraph, only partially quoted by plaintiffs, on page 17 of the September 10, 2013 Claim Disallowance Letter states:

> "Any foreign tax credit (FTC) paid and unused in 2009 is available for a 1 year carry back to 2008. Since the 2009 unused amount was carried forward to 2010, FTC must be recomputed for 2010 and 2011 if the 2009 excess is carried back to 2008."

Denies that plaintiff is currently entitled to a carryback of Foreign Tax Credit.

Avers that the same page (page 17) of the September 10, 2013 Claim Disallowance Letter states:

> "The exam team notified the taxpayer that any unused foreign tax credits that were paid in 2009 were available for carryback into 2008; however this would require amending the 2009, 2010, and 2011 returns. The taxpayer declined to amend returns and disagreed with this position. The taxpayer wanted to continue to pursue the change from the "paid" to the "accrual" method issue."

**Request 15.** Admit that the refund sought under Count I relates to the correction of the Herrmann's foreign tax credit for 2008.

RESPONSE:  Defendant admits that this is plaintiffs' theory as to why they are claiming a refund.

Respectfully submitted,

June 18, 2015

MATTHEW D. LUCEY
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 353-0064
(202) 514-9440 (facsimile)
matthew.d.lucey@usdoj.gov

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims
Section

June 18, 2015

Of Counsel

7

CERTIFICATE OF SERVICE

I certify that service of the foregoing documents have, this 22nd day of June, 2015, been

made on plaintiff by mailing the original thereof, in a postage paid envelope, to the following

address:

Nathan E. Clukey
King and Spaulding
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006-4704

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC  20044
(202) 307-6440